

**SO ORDERED.**

**SIGNED this 1 day of October, 2013.**

_____
A. Thomas Small
United States Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

BURCAM CAPITAL II, LLC,                    CASE NO. 12-04729-8-ATS

    DEBTOR.                                CHAPTER 11

---

BURCAM CAPITAL II, LLC,

    PLAINTIFF,

v.                                         ADVERSARY PROCEEDING
                                           NO. 13-00063-8-ATS
BANK OF AMERICA, N.A., Successor
by merger to LaSalle Bank
National Association, as
Trustee for the REGISTERED
HOLDERS OF MEZZ CAP COMMERCIAL
MORTGAGE TRUST, COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2004-C1, and CWCAPITAL
ASSET MANAGEMENT, LLC,

    DEFENDANT.

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS

The matter before the court is the Motion to Dismiss filed by the defendants Bank of America, N.A., and CWCapital Asset

1

Management LLC.  This is an adversary proceeding brought by the chapter 11 debtor in possession, Burcam Capital II, LLC, for breach of good faith and fair dealing, an accounting and an objection to claim against Bank of America and CW Capital.  The complaint also seeks to recover for unfair and deceptive trade practices against CW Capital.  The defendants in their motion request that the court voluntarily abstain from hearing this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) or to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure made applicable to this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.  A hearing was held on September 11, 2013, in Raleigh, North Carolina.

    Burcam filed a petition for relief under chapter 11 of the Bankruptcy Code on June 28, 2012, and is a debtor in possession. Burcam owns commercial real property containing retail and office units at 510 Glenwood Avenue in Raleigh, North Carolina. The property is security for two loans, one in the original amount of $12,982,900 and the second in the original amount of $806,000.  The larger loan is owned by a trust (Commercial Mortgage Trust 2004-GG1) administered by U.S. Bank National Association as trustee, and the smaller loan is owned by a trust (Commercial Mortgage Trust 2004-C1) administered by Bank of America.  Both loans are now being serviced by CWCapital as a

special servicer. CWCapital filed two proofs of claim, one in the amount of at least $14,014,329 on behalf of US Bank as trustee for the larger loan (Proof of Claim #5) and one in the amount of at least $1,115,569.43 on behalf of Bank of America as trustee for the smaller loan.

Burcam contends that CWCapital as special servicer has breached its obligation of fair dealing towards Burcam and that CWCapital has taken actions to obtain the debtor's property for itself. According to the debtor, CWCapital caused a below-market appraisal to be created so that it could either purchase the loan from the trusts at a discount or purchase the real property at a depressed price at a foreclosure. The debtor alleges that as part of CWCapital's scheme to acquire the debtor's property, CWCapital refused to negotiate a loan modification for the debtor. Presumably, if the loan was modified CWCapital would not be able to acquire the property. The debtor further contends that CWCapital as part of its efforts to acquire the property for its own benefit resisted all of the debtor's efforts to reorganize and have a chapter 11 plan confirmed. According to the debtor, the plan provided protection for both loans because the value of the property exceeded the indebtedness the property secured.

The debtor's plan was confirmed pursuant to § 1129(b) of the Bankruptcy Code over the objection of CWCapital, CWCapital

3

appealed, and an order was entered by the district court staying confirmation pending the appeal.

The defendants argue that the court should abstain from hearing this proceeding for a number of reasons. The defendants maintain, and the court agrees, that the causes of action, other than the objection to the claim, are based on state law and, with the exception of the objection to claim, are core proceedings under 28 U.S.C. § 157(b)(2)(C), but are the type of core proceeding in which, because of Constitutional constraints, a bankruptcy judge, without the consent of the parties, may not make a final determination. See Stern v. Marshall, 131 S. Ct. 2594 (2011). However, the bankruptcy court could make preliminary findings subject to de novo review of the district court or the proceeding could be tried in the district court.

The defendants contend that the issues in this proceeding are the subject of a civil lawsuit in North Carolina state court in which CWCapital and Bank of America sued the debtor's owner, Neal Coker, under his guaranty of the loans and in which Coker filed counterclaims asserting counterclaims which are essentially the same as the causes of action brought by the debtor in this proceeding. The state court recently dismissed those counterclaims in a brief opinion that did not specify the basis of the decision. Burcam is not a party to the state court

4

litigation and the state court's decision does not determine the claims pending in this proceeding.

The adversary proceeding was properly brought by the debtor in the bankruptcy court and without a pending state court lawsuit involving the debtor the court does not see any reason to abstain.

Turning now to the motion to dismiss, the first issue raised by Bank of America is that the claims against it should be dismissed because the causes of action flow from the activities of CWCapital as special servicer.  It is true that the debtor's complaint focuses on the actions of CWCapital, but as special servicer it was acting on behalf of Bank of America.  Bank of America chose the special servicer to deal with Burcam and cannot avoid its liability for its agent's actions.

Both defendants argue that the debtor's complaint does not state a claim upon which relief can be granted.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that every pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008.  A party may move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, to dismiss a complaint for failure to state a claim upon which relief can be granted.  To demonstrate

entitlement to relief and survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (emphasizing that a pleading providing "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).  The veracity of well-pleaded allegations in the complaint will be assumed in determining "whether they plausibly give rise to an entitlement to relief."  Angell v. BER Care, Inc. (In re Careamerica, Inc.), 409 B.R. 737, 747 (Bankr. E.D.N.C. 2009).

The plaintiff, Burcam, has met its burden.  It has alleged that CWCapital pursued a scheme in which it attempted to acquire the debtor's real property to the detriment of the debtor.  Specifically, as evidence of the scheme, the debtor alleges that CWCapital obtained a below market appraisal that would have enabled it to purchase the loan from the trust at a discount.

6

On its face, that action would seem to give rise to a cause of action in favor of Bank of America against CWCapital rather than a cause of action in favor of the debtor, but the debtor was also harmed by the action because for CWCapital's alleged scheme to work, CWCapital had to prevent the debtor, Burcam, from obtaining a loan modification.  According to the debtor it made three proposed loan modifications, but all were rejected.  Additionally, the debtor alleges that CWCapital never intended to agree to a modification and that the person sent by CWCapital to discuss modification with the debtor had no authority to make decisions.  A lender does not have to reach an agreement with its borrower to modify a loan, and does not act improperly when it enforces its rights, such as initiating a foreclosure, when the loan goes into default.  However, a lender does have an obligation to proceed in good faith and to deal fairly.  <u>Governor's Club Inc. v. Governors Club Ltd. P'ship</u>, 567 S.E.2d 781, 789 (N.C. Ct. App. 2002).  The plaintiff has alleged sufficient facts to support a claim that the duty was breached with respect to CWCapital and against Bank of America, for which CWCaptial was acting.  The plaintiff has also sufficiently alleged facts to support its claim of unfair and deceptive trade practices against CWCapital.  To succeed on a claim for unfair and deceptive trade practices a plaintiff must show (1) that the defendant committed an unfair or deceptive act or practice; (2)

the act was in or affecting commerce; and (3) the act proximately caused injury to the plaintiff.  N.C. Gen. Stat. § 75-1.1.  Burcam has met its burden as to that claim.

Burcam's complaint also includes an objection to claim #6 filed by CWCapital on behalf Bank of America as trustee.  The plaintiff contends that certain credits have not been accounted for and that improper interest and penalties have been added to the amount.  Additionally, the plaintiff argues that the claim amount does not reflect any recovery that the plaintiff may receive for causes of action asserted in the complaint, namely the breach of contract and unfair and deceptive trade practice claims.  The defendants argue that this claim is duplicative of the objection to the claim already filed by the debtor, in the bankruptcy case.  Rule 3007(b) of the Federal Rules of Bankruptcy Procedure provides that an objection to a claim may be included in an adversary proceeding, and the inclusion of the claim objection is appropriate.  The request for an accounting is also proper as an accounting would permit the plaintiff to accurately calculate the principal and interest owed on the note.  However, it may make sense to treat the claim objection as a contested matter rather than as part of the adversary proceeding, and this possibility will be discussed at a pre-trial conference.

For the reasons set forth above, the plaintiff has pleaded allegations that plausibly give rise to an entitlement to relief against the defendants, thus meeting the pleading requirements of Twombly and Iqbal. Accordingly, the defendants' motion to dismiss is **DENIED**.

**END OF DOCUMENT**